## Judy v. Farmers & Traders Bank, *Appellant.*

**Action: EQUITY: PARTIES.** Plaintiff borrowed of C upon his note and mortgage, $5,000, of which sum it was agreed that plaintiff should receive $2,500, and the other $2,500 should be held to pay off an existing mortgage upon plaintiff 's land when it should become due. The money was, by agreement, placed with the defendant bank, by whom $2,500 was paid to plaintiff, and the remainder was placed to the credit of one M, who converted it to his own use. The $2,500 mortgage coming due, C, to protect himself, bought it in and held it as a charge against the plaintiff and his land, and to indemnify himself, obtained further security from M. In an action against the bank, plaintiff obtained judgment for the money placed to the credit of M, with interest   *Held,* that this was error, as plaintiff was in no event entitled to have this money ;   *Held, further,* that in order to a complete adjustment of all the equities, C and M should be made parties to the suit.

*Appeal from Montgomery Circuit Court.*—HON. G. PORTER, Judge.

REVERSED.

*Macfarlane & Trimble* for appellant.

*W. O. Forrist, M. Y. Duncan* and *Kennan & McIntyre* for respondent.

HENRY, J.—By the record, it appears that Judy was indebted to one Dyson by note, secured by mortgage on his land, in the sum of $2,000. This note and mortgage were executed on the 14th day of October, 1872, and the debt was payable three years thereafter with ten per cent. interest per annum. In January, 1875, desiring to borrow $5,000 on the same land, Judy applied to one Cassidy, of St. Louis, who agreed to lend him that sum, provided that out of the money the Dyson debt should be paid, so that there should be no incumbrance on the land prior to the mortgage Cassidy was to receive. It seems that Ringo, president of defendant bank, was to inform Cassidy when he might safely pay the $5,000, and on receipt of a cum-

munication from Ringo that "it was all right," Cassidy paid to the bank Judy's draft for $5,000, twenty-five hundred of which was, by the bank, delivered to Judy, and the balance placed in the bank to the credit of Jno. P. Clark, who was then notified that it was to his credit for Dyson. It does not appear why the money was placed to Clark's credit. Ringo is dead, and Cassidy and Judy each testified that he did not authorize Ringo, or the bank, to place the money to Clark's credit. If not authorized by either of them, it was a most singular transaction on the part of the bank; and the facts, that the latter at once notified Clark of the deposit, and why placed to his credit; that there was evidence tending to prove that both Cassidy and Judy were aware that the money had been placed to Clark's credit, and made no objection; that Clark was a brother to Cassidy's brother-in-law, and on intimate terms with Cassidy, make a little more light on this question desirable. Clark, we infer from the evidence, is insolvent, or in doubtful circumstances. He never paid the money to Dyson, but used it for his own purposes. Cassidy purchased and now holds the Dyson note and mortgage, and Clark has given him his note secured by a mortgage on his land for the money so misappropriated by him. The petition alleges that the bank received the $2,500 under an agreement to apply it on the Dyson debt, which then amounted to that sum, and the prayer is, that the bank be decreed to pay the debt to Dyson and procure the release of Judy's land from the Dyson mortgage and for general relief.

The case was submitted to a jury, which found for plaintiff $2,500 and interest, for which the court rendered a judgment against the bank. By the agreement proved, and all the circumstances of the case, it is evident that, in no event was the bank to deliver to Judy more than $2,500 of the money borrowed of Cassidy, who was willing to trust the bank but not Judy, to pay off the Dyson debt; and while it is clear that Judy is entitled to relief against

the Dyson note and mortgage if he did not agree to the deposit of the $2,500 to Clark's credit, yet the judgment rendered by the court cannot be sustained. The petition did not ask, nor did the facts proved entitle plaintiff to any such judgment. His right is to have the Dyson mortgage satisfied either by Clark, Cassidy or the bank. If Cassidy alone trusted Ringo, or the bank, to see to the proper application of the money intended for Dyson, and Ringo, or the bank, so managed the business that the money was lost, the principal controversy is between Ringo, or the bank, and Cassidy, and the only interest that Judy has in the matter is, that one or the other of them pay the Dyson debt. If, however, Judy agreed that the money should be placed to Clark's credit, he has no demand against Cassidy, or the bank, or Ringo for the amount, but only an equity, on paying the Dyson debt, to be subrogated to the rights of Cassidy in the note and mortgage he holds against Clark. Or, if by his conduct, Cassidy is not precluded from setting up the Dyson debt against Judy, and the note and mortgage from Clark to Cassidy are not sufficient security for the $2,500, and the bank nor Ringo was authorized to place the money to Clark's credit, either Ringo or the bank must make good the loss to Judy or Cassidy. If, on the other hand, Cassidy, by reason of having taken a note and mortgage from Clark for the $2,500, and other conduct with regard to that money, cannot enforce the mortgage against Judy, then Judy has sustained no injury by the failure of the bank to comply with the alleged agreement, except the slight injury resulting from a cloud upon his title, which may be readily removed; but, in order to arrive at a just and complete determination of the controversy, the court, under section 4, Wag. Stat., 1034, should have ordered Clark and Cassidy to be made parties to the suit. In such allusions as we have made to the testimony in the case, we would not be understood as indicating any opinion as to its effect, but only as

to what points the evidence should be directed on a re-trial of the cause, with all the parties before the court. Judgment reversed and cause remanded. All concur.